[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY VISITATION (Dated: December 31, 1998)
The marriage between the parties was dissolved on December 27, 1996. The parties have two minor children issue of the marriage: William Arthur Trudeau III born May 7, 1992, and Maxwell Thomas Trudeau born October 26, 1995. On August 13, 1997, CT Page 3884 by order coded No. 118, the Defendant's Motion to Modify Visitation dated July 2, 1997, was granted and the Defendant was granted visitation every other weekend from Saturday at 9 a.m. until Sunday at 6 p. m., with visitation to be at his parents' home and at least one of his parents to be with the children at all times. The plaintiff was to pick up the children on Sunday afternoon and the defendant was to pick up the children on Saturday morning.
Thereafter, by Memorandum of Decision dated March 6, 1998, the Court (Axelrod, J.), after a full evidentiary hearing, modified the order of visitation to provide that the defendant shall have visitation with the children every Sunday from 10 a.m. to 5 p. m. In accordance with said order, visitation was to be exercised only in the town of Branford, Guilford, Madison, Clinton or Westbrook. Further, in accordance with said order, the defendant was to pick up the children at the plaintiff's residence and return the children to the plaintiff's residence. The Court eliminated the earlier requirement that defendant's parents be present during said visitation.
It is from said March 6, 1998 order of visitation that the defendant seeks a modification.
In entering its March 6, 1998 order of visitation, the Court found that the defendant father was the target of a drive-by shooting when, on Friday, January 2, 1998, at approximately 5:45 p. m. a drive-by gunman fired several bullets into the parking lot of the defendant's place of employment on South Main Street, Newtown, Connecticut, wounding the defendant in the lower leg, piercing a plate glass window a few feet from customers, and striking the defendant's late model motor vehicle parked near the road, as well as damaging the vehicle of one of the customers who was inside the office of the defendant's business.
In the defendant's instant Motion for Modification of the March 6, 1998 visitation order, the defendant claims that the circumstances which gave rise to the Court's March 6, 1998 visitation order no longer exist, that there have been no further incidents of violence and no other problems that might subject the minor children to any type of danger or peril while visiting with the defendant.
In opposing said Motion, the Plaintiff contends that she is still fearful when the children visit with the defendant, that CT Page 3885 the circumstances have not changed to a degree that would warrant any change in the existing visitation order, that the defendant has been arrested several times for several different criminal offenses since the entry of the March 6, 1998 visitation order, and that the defendant is slated to begin a prison sentence in early April 1999.
Having carefully considered all of the evidence presented at the hearing on this matter and having further considered and assessed the credibility of all of the witnesses who testified at said hearing, the court makes the following findings and orders:
 A. The defendant does not take full advantage of and has not fully exercised all of the visitation rights that were granted to him by virtue of the Court's March 6, 1998 order;
 B. While there have been no further acts of violence directed at the defendant since the entry of the March 6, 1998 visitation order the court cannot find that the risk of such further acts of violence has been eliminated. The Court notes specifically that since the entry of the March 6, 1998 visitation order, the defendant has been convicted of several felony charges involving the issuance of bad checks, forgery and larceny. In early April of 1999, the defendant is scheduled to commence a jail sentence of 5 years execution suspended after 30 days incarceration followed by a lengthy period of probation. The concerns expressed by the Court by its March 6, 1998 order are still extant.
 C. Since the entry of the March 6, 1998 visitation order, the plaintiff has, on occasion, allowed the defendant to visit with the minor children at locations and at times other than those specified in the Court's March 6, 1998 visitation order. This Court does not view such conduct as being contemptuous but rather this Court views such conduct by the plaintiff as an attempt by the plaintiff to cooperate with the defendant to provide the defendant with visitation, which visitation the plaintiff agrees is in the best interests of the minor children.
 D. The March 6, 1998 visitation order is modified only to the extent that the plaintiff, in her sole discretion, may allow the defendant to visit with the children at times CT Page 3886 and in locations other than those set forth in the March 6, 1998 visitation order. Expansion of the defendant's visitation rights will obviously then depend upon the cooperation and good faith of the parties. There should be no confusion though that expansion of those rights within the meaning of this order is in the sole discretion of the plaintiff absent a further order of the Court.
 E. In all other respects, the March 6, 1998 visitation order will remain in effect.
BY THE COURT CARROLL, J.